UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-45-TAV-CCS-34 |
| | ) | |
| MICHAEL LEE JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 [Doc. 1282]. The United States filed a response in opposition, asserting that not only has the defendant failed to identify any particular Guidelines amendment authorizing the relief he seeks, the Guidelines provisions have not been amended since he was sentenced. Moreover, the defendant's Guidelines range was restricted by a statutory mandatory minimum, and thus his Guidelines range would be unchanged by a Guidelines amendment [Doc. 1304].

I.  **Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the Guidelines Manual, which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a) Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> . . .
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

2

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2012). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

**II.    Analysis**

The defendant pleaded guilty to and was convicted of conspiracy to manufacture five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Doc. 965]. In calculating the applicable Guidelines range, the probation officer found that the defendant had a base offense level of 26 [Presentence Investigation Report ("PSR") ¶ 40]. After a three-level reduction for acceptance of responsibility, his total offense level was 23 [*Id.* ¶ 49]. Given the defendant's criminal history category of II, the corresponding Guidelines range was 51 to 63 months' imprisonment, but this range was restricted by the 120-month statutory mandatory minimum resulting from his prior felony drug conviction [*Id.* ¶¶ 74, 75]. Thus, the effective Guidelines range was 120 months' imprisonment [*Id.* ¶ 75]. The government filed a motion for downward departure based upon the defendant's substantial assistance, and the Court granted that motion. On December 16, 2013, the Court sentenced the defendant to 90 months' imprisonment [Doc. 965].

Because the Guidelines have not been amended since the defendant was sentenced, the defendant's motion is necessarily without merit. In any event, the

3

defendant's Guideline range was restricted by the applicable statutory mandatory minimum, and therefore his Guideline range would be unaffected by any Guidelines amendments. *See* U.S. Sentencing Guidelines Manual § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Therefore, even if the Guidelines had been amended since the defendant was sentenced, the defendant would be ineligible for relief under 18 U.S.C. § 3582(c)(2). *See* U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2012) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

### III. Conclusion

For the reasons stated herein, the defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 [Doc. 1282] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE