UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MICHAEL LEE JACKSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:13-CR-45-TAV-HBG |
| | ) | 3:14-CV-348-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on now Petitioner, Michael Lee Jackson's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 1313]. The Government filed a response in opposition [Doc. 1376].

Petitioner, pursuant to a plea agreement [Doc. 148],[1] entered a guilty plea to one count of conspiracy to manufacture methamphetamine [Doc. 418]. This Court sentenced Petitioner, who had a prior felony drug conviction, to a sentence of 90 months' imprisonment [Doc. 965]. Jackson did not appeal this conviction or sentence.

Thereafter, Petitioner, represented by counsel, filed a Motion to Reduce Sentence [Doc. 1541], based on Amendments 782 and 788 to the United States Sentencing Guidelines Manual, both of which were effective November 1, 2014. This Court granted that Motion and reduced Jackson's sentence to 31 months' imprisonment [Doc. 1547]. Because this reduced sentence was less than the time Jackson had already served, the new sentence became a sentence of "time served." As a result, Jackson was released from custody in April 2016.

---

[1] All citations to the record are found on the docket of case no. 3:13-CR-45-TAV-HBG.

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In his § 2255 motion, Petitioner asserts that his sentence should have been in "the range of 51–63 months," and that he received ineffective assistance of counsel at sentencing. The Court finds that these claims do not warrant relief.

As to the first claim, that Petitioner's original sentence was too long, the Court finds that this claim is moot. Petitioner argues that his original sentence should have been in the range of 51–63 months. Subsequently, the Court did reduce Petitioner's sentence to 31 months, based on the 2014 Amendments to the United States Sentencing Guidelines Manual. Petitioner's sentence then became "time served," and he was released. Petitioner, moreover, was released well before he had served 51 months, the minimum sentence which he claims in his § 2255 Petition he should have received.

Petitioner also argues that his counsel was ineffective in failing to properly advise him about the length of sentence he would receive. Specifically, Petitioner claims that he only entered a guilty plea because his lawyer told him that he would "only do 24–36 months" if he pled guilty [Doc. 1313]. A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See Huff v. United States*, 734

F.3d 600, 606 (6th Cir. 2013) (applying the *Strickland* test to an ineffective assistance of counsel claim). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (stating that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

In the present case, Jackson asserts that his lawyer's ineffectiveness was in telling Jackson that if he entered into a plea agreement, and pled guilty, Jackson "would only do 24–36 months" [Doc. 1313]. The Court finds that this claim also is moot. As explained above, this Court reduced Jackson's sentence to 31 months, and Jackson was released from custody on "time served." The

3

reduced sentence is within the "24–36 months" range that Petitioner claims he expected to serve when he agreed to plead guilty. Moreover, when Petitioner was released from custody, upon the ordering of a sentence reduction by this Court, he had been in custody for 36 months, starting with his initial appearance and order of detention [Doc. 77]. Accordingly, this claim of ineffectiveness not only lacks any prejudice to Petitioner, it also is moot.

In sum, the Court finds that because the claims presented in the Motion [Doc. 1313] are moot and therefore, lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, the Court will **DENY** Petitioner's motion [Doc. 1313].

In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right, therefore, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE